UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL R. KING,

    Plaintiff,                                      Hon. Janet T. Neff

v.                                                      Case No. 1:19-cv-1062

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C § 2412. (ECF No. 20.) Defendant does not oppose the fee request. (ECF No. 22.) Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motion be **GRANTED**.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of attorney's fees and costs. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not entitled to attorney's fees under the EAJA as a matter of course, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

On June 1, 2020, the Court granted Defendant's unopposed motion for entry of judgment and remanded this matter to the Commissioner for further proceedings pursuant to sentence four

of 42 U.S.C. § 405(g). (ECF Nos. 18 and 19.) Plaintiff seeks an EAJA award in the amount of $4,121.25 based on 23.55 hours of work at an hourly rate of $175. (ECF No. 20 at PageID.912–13.)

I find the number of hours expended in this matter, as well as the hourly rate requested, to be reasonable. Accordingly, I recommend that the Court grant Plaintiff's request for EAJA fees in the amount of $4,121.25. In light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), an order awarding EAJA fees must be entered directing payment to Plaintiff, not counsel. *Id.* at 591–93; *see also* 28 U.S.C. § 2412(d)(1)(A) (the EAJA awards fees "to a prevailing party"); *Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 934–35 (6th Cir. 2017) (reaffirming that *Astrue* requires EAJA fees to be paid to the claimant). Therefore, I recommend that the Court order that payment be made directly to Plaintiff.

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: September 8, 2020                               /s/ Sally J. Berens
                                                                                      SALLY J. BERENS
                                                                                      U.S. Magistrate Judge